## WEATHERBY LAKE IMPROVEMENT CO., Respondent,

v.

### John FUHRMAN, et al., Defendant,

### Robert D. Crist, M.D., P.A., Appellant.

### No. WD 48357.

Missouri Court of Appeals,
Western District.

Dec. 6, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 31, 1995.

Application to Transfer Denied
March 21, 1995.

David B. Raymond, Blackwell, Sanders, Matheny, Weary & Lombardi, Kansas City, for appellant.

Michael McGinness, Platte City, for respondent.

Before ULRICH, P.J., and
LOWENSTEIN and HANNA, JJ.

ULRICH, Presiding Judge.

Weatherby Lake Improvement Company ("Company") filed its petition for declaratory judgment seeking authorization to levy an assessment to compel Weatherby Lake property owners to pay for capital improvements and maintenance of the lakefront community's common property. The trial court approved the assessment; and Robert D. Crist, M.D., P.A., a Weatherby Lake property owner, appeals claiming insufficient evidence was presented to support the trial court's decision.

The judgment of the trial court is affirmed.

The Company was incorporated in 1950 by property owners surrounding Weatherby Lake, located in Platte County, apparently to provide a mechanism to maintain and control

the use of the lake and its environs for the benefit of the property owners. In the ensuing years, the Circuit Court of Platte County issued decisions granting the Company authority to collect assessments from Weatherby Lake property owners for the purpose of maintaining and improving property to which the Company holds title, including the lake bed, dam, spillway, and various access areas. People who acquired property within the City of Weatherby Lake then became members of the Company.

The affairs of the Company are managed by its Board of Directors which, on January 16, 1989, passed a "User Fee Resolution." The Resolution stated that the Company lacked sufficient funds to make necessary repairs and improvements to its property. Therefore, the Resolution asserted that fairness, reasonableness, and equity require that future Weatherby Lake property owners who become members of the Company pay a fee to maintain and improve the Company's property. The user fee requires future property owners to pay an amount dependent upon the proximity of their newly acquired property to the lake. The fee schedule is as follows:

| Property Classification | Assessment Ratio | Amount of User Fee |
| --- | --- | --- |
| A–1 (abuts the lake, improved) | 1.4 | $2,800.00 |
| A–2 (abuts the lake, unimproved) | 1.2 | $2,400.00 |
| B–1 (does not abut the lake, improved) | 1.2 | $2,400.00 |
| B–2 (does not abut the lake, unimproved) | 1.0 | $2,000.00 |

On February 14, 1989, the User Fee Resolution was approved by the membership of the Company at its annual meeting. The Company then filed a petition for a declaratory judgment, seeking judicial determination that the terms of the User Fee Resolution were binding upon the members of the Company and that the Company had the authority to collect the User Fee. The trial court found for the Company, specifically concluding that the terms of the User Fee Resolution "are reasonable and valid" and that the Resolution "is necessary, fair and equitable."

■ On appeal, Dr. Crist claims that the trial court erred in approving the User Fee Resolution as a fair and equitable assessment. He contends that the assessment unreasonably targets new owners and compels them to pay disproportionately maintenance and improvement costs. Dr. Crist also contends that the Company failed to provide substantial evidence of how the amount of the assessment was determined; and he asserts that the assessment bears no relationship to the financial needs of the Company and that the assessment is, therefore, unfair, unreasonable, and inequitable.

■ When making an assessment, the Company must demonstrate need, and the assessment must be equitable. *Weatherby Lake Improv. Co. v. Sherman,* 611 S.W.2d 326, 332 (Mo.App.1980). When the appellate court reviews a declaratory judgment, the trial court's determination that the assessment is needed and equitable will be sustained unless no substantial evidence supports the holding, it is against the weight of the evidence, or it erroneously declares or applies the law. *Anglen v. Heimburger,* 803 S.W.2d 109, 112 (Mo.App.1990).

Sufficient evidence illustrates that the assessment is needed and is equitable. Therefore, the evidence supports the trial court's judgment approving the assessment. Testimony articulated the community's needs, which were identified by survey. The community's primary needs were identified and include construction of improvements which increase lake accessibility to property owners (e.g., access areas and dock space). These improvements would primarily benefit new property owners because the great majority of new owners' property would not be lake frontage. The cost of satisfying these needs requires expenditure of funds which the Company did not possess when the User Fee Resolution was adopted. Furthermore, the amounts of the proposed assessment were consistent with the amounts paid by existing

owners when previously assessed. Additionally, as the Company points out, new owners would share in the benefits derived from previous assessments paid solely by then existing property owner members, another equitable consideration.

The judgment of the trial court is affirmed.

All concur.